**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:12 CV 3041** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **NATHANIEL HAWTHORNE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Pending before the Court are two motions:

• Plaintiff United States of America's Motion for Order of Sale and to Vacate Property
("the Government's Motion") (**Doc #: 32**), and

• Defendants' Motion for Stay ("Defendants' Motion) (**Doc #: 37**).

For the following reasons, the Government's Motion is **GRANTED** and Defendants'

Motion is **DENIED**.

**I.**

**A.**

On December 13, 2012, the United States filed this action to reduce to judgment federal

tax assessments against Nathaniel Hawthorne and to foreclose on his one-half interest in real

property located at 16590 Snowshoe Trail, Chagrin Falls, Ohio ("the Snowshoe property").

(Doc #: 1.)

More than 16 months later (April 17, 2014),  following a Case Management Conference, eight months of discovery, and counsel's efforts to settle this case, the Government filed a Motion for Summary Judgment that explained, in clear terms and citing relevant case law, why the Court should grant judgment in its favor.  (Doc #: 25.)  Hawthorne filed an opposition brief that disputed neither the amount he owed on his federal income taxes; the fact that he was assessed $344,808.66 on June 23, 2003; the fact that a statutory lien attached to all property and rights to property he owned on that date; and the fact that any transfer of his property to his wife or anyone else after that date was subject to the prior tax lien.  (Doc #: 28.)

Rather than file a reasoned response to the Government's Motion, Hawthorne used the opportunity to take a pot shot at the Government.  (Id. at 1  ("As is the custom with the Federal Government, facts are not relevant."))  Moreover, Hawthorne, a lawyer, contended that it was the Government's burden to show that he intended to defraud the Government when he transferred his one-half interest in the Snowshoe property to his "innocent" spouse – without citing a single case supporting that proposition.  (Id at 1.)  And finally, Hawthorne ignored altogether the four factors, established by the Supreme Court in *United States v. Rodgers*, 461 U.S. 677 (1983), which the Court must consider when deciding whether to exercise its discretion to enforce the tax lien via foreclosure.

In a Memorandum of Opinion and Order dated May 28, 2014, the Court explained, citing relevant case law, that the Government did *not* have to prove that Hawthorne intended to defraud the Government when he transferred his interest in the Snowshoe property to his wife – only that the transfer was subject to the prior federal tax lien.  (See Doc #: 30 at 5-6.)  That said, the Court articulated in detail why the undisputed facts painted a compelling picture of fraud.  (See id. at

-2-

6-7.)  The Court also explained, citing relevant case law, why the Government did not waive its

right to foreclose on Hawthorne's interest in the Snowshoe property.  (See id. at 7.)  The Court

then analyzed the *Rodgers* factors in deciding to enforce the tax lien via foreclosure of the

Snowshoe property.  (See id. at 7-10 (citing *Rodgers*, 461 U.S. at 710-11).

On May 30, 2014, the Government filed the pending Motion for Order of Sale and to

Vacate Property.  (Doc #: 32.)  On June 25, 2014, Hawthorne filed a document entitled

"Response to Plaintiff's Motion and Separate Motion for Stay," where he begins:

> Assuming, *arguendo*, that plaintiff is correct in its levy claim, the levy only
> relates to defendant Nathaniel Hawthorne, not Sylvia Hawthorne.  If so, why is
> the Plaintiff seeking to take Sylvia's real estate by demanding that she vacate the
> premises?

(Doc #: 37 at 1.)  Apparently, Mr. Hawthorne did not read the Court's Memorandum of Opinion

and Order.

Again, instead of filing a reasoned response to the Government's Motion, Hawthorne

used the opportunity to repeatedly bash the Government.  (See, e.g., id. at 2 ("It's well settled

that the plaintiff's [sic] are adept at fabrications.  The IRS has a problem with credibility no

matter what was filed under oath."))  The only legal argument he makes is that "[a] federal tax

lien may not attach to property held by a taxpayer who owes no taxes and has received the real

estate pursuant to a general warranty deed."  (Id. (citing O.R.C. § 5302.05).)  Notably missing is

a single case supporting this proposition.  That is because there is no case supporting this

proposition.  Hawthorne ignores the essential premise of a general warranty deed which is that,

at the time of delivery, the grantor "covenants" that the property to be conveyed is "free from all

encumbrances" and that he has "good right to sell and convey" the property.  O.R.C. § 5302.05.

It is undisputed, however, that Hawthorne's one-half interest in the Snowshoe property was in

fact encumbered by a federal tax lien at the time he attempted to convey it to his wife – which lien remains effective today.  Thus, the Government's Motion is granted.

**B.**

Hawthorne asks the Court to stay foreclosure of the Snowshoe property "while this matter is on appeal."  (Doc #: 37, at 3.)  His entire argument supporting this request is comprised below:

> Plaintiff demands that Sylvia Hawthorne vacate property that she owns; if you believe the plaintiff and defendant Sylvia legally does not owe taxes, the motion to vacate does not relate to her.  If it does, where is due process?

Doc #: 37, at 3.)

A party seeking a stay pending an appeal must show (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay. *See, e.g., Titan Tire Corp. of Bryan v. Local 890L, United Steelworkers of Am.*, 673 F.Supp.2d 588 (N.D. Ohio 2009).

While Mrs. Hawthorne will suffer irreparable injury if the stay is not granted, there is absolutely <u>no likelihood of success on the merits</u>.  As previously determined, the transfer of Hawthorne's interest in the Snowshoe property after June 23, 2003 was "encumbered" as it was subject to the prior federal tax lien.  Hawthorne does not show how a sale is any more disruptive now than following what can only be characterized as a frivolous appeal.  The United States specifically, and the public generally, has a paramount interest in the collection of taxes.  Further delay in collecting Hawthorne's tax liability serves to protect only the private interests of Hawthorne and his wife, Sylvia.  Accordingly, Defendant's Motion is denied.

-4-

## II.

Based on the foregoing, the Government's Motion (**Doc #: 32**) is **GRANTED**, and Defendant's Motion (**Doc #: 37**) is **DENIED**.  The Court will separately issue an Order of Sale and To Vacate Property.

**IT IS SO ORDERED.**


*/s/ Dan A. Polster     July 8, 2014*
**Dan Aaron Polster**
**United States District Judge**